IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



LaTONYA McCULLOM                                              PLAINTIFF

v.                                                  CAUSE NO. 1:16CV350-LG-RHW

FELDERS SERVICES, LLC                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** is Defendant Felders Services, LLC's Motion for Summary Judgment [16]. Plaintiff LaTonya McCullom did not file a response to the Motion. Having considered the Motion and the applicable law, the Court is of the opinion that the Motion should be granted.

## BACKGROUND

McCullom, a black female, filed this Title VII action against Felders claiming that she was wrongfully terminated on the basis of race. McCullom worked as a dietary manager at Driftwood Nursing Center. In March 2016, Felders became McCullom's apparent employer when it took control of the dietary department at the nursing center. Shortly thereafter, Felders released McCullom from her position and hired LaVoughn Stokes, a white male, to replace McCullom.

Felders claims it replaced McCullom with Stokes because it could not wait one year for McCullom to complete the course for certification as a dietary manager, which Stokes had already completed. In addition, Stokes had more than 20 years of

1

food service experience, including military training as a cook, which McCullom has now effectively admitted was more experience than she had. In its Motion, Felders argues that no genuine issue of material fact remains in the case, and requests judgment as a matter of law in its favor.[1]

## DISCUSSION

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, the Court views the evidence in the light most favorable to the non-movant. *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). Even so, "[t]he non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial to avoid summary judgment." *See id.* Summary judgment is appropriate if the non-movant fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

McCullom has not submitted any argument or evidence in opposition to Felders' Motion. Nevertheless, Felders bears the burden of establishing the absence

---

[1]On December 27, 2016, Felders sent interrogatories, requests for admissions, and requests for production of documents to McCullom to be answered within 30 days. McCullom, however, has failed to respond to discovery. She also has not responded to a motion to compel and this motion for summary judgment. Despite her *pro se* status, McCullom is still bound to the discovery and other respective deadlines. *See, e.g., Hill v. Breazle*, 197 F. App'x 331, 336-37 (5th Cir. 2006).

of a genuine issue of material fact and, unless it has done so, the Court may not grant the Motion, regardless of whether any response was filed. *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). But the Court will not, in the absence of proof, assume that McCullom could or would prove the necessary facts. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Indeed, "although the pleadings filed by pro se parties are held to 'less stringent standards than formal pleadings drafted by lawyers,' pro se parties must still comply with the rules of procedure and make arguments capable of withstanding summary judgment." *Ogbodiegwu v. Wackenut Corr. Corp.*, 202 F.3d 265, *2 (5th Cir. 1999) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Grant v. Cellular*, 59 F.3d 523, 524 (5th Cir. 1995)); *see also Oviedo v. Lowe's Home Improvement, Inc.*, 184 F. App'x 411, 413 (5th Cir. 2006).

Even assuming McCullom could make a *prima facie* Title VII case, Felders has articulated at least one legitimate, non-discriminatory reason for McCullom's termination that remains unrebutted by McCullom. *See Outley v. Luke & Assocs.*, 840 F.3d 212, 216 (5th Cir. 2016). In particular, due to her continued failure to respond to Felders' request for admissions, pursuant to Fed. R. Civ. P. 36(a)(3), McCollum has admitted that Stokes had "superior food service and dietary management experience" and "was closer to certification." (Defs.' Req. for Admissions, ECF No. 16-1). *See, e.g., Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1048 (5th. Cir. 1996) (uncontroverted evidence that employment decisions were based on

experience was sufficient to establish an absence of a material fact on the issue of discriminatory motive); *Tillman v. S. Wood Preserving of Hattiesburg, Inc.*, 250 F. App'x 622, 625 (5th Cir. 2007) (differences in levels of experience is a legitimate, nondiscriminatory explanation); *Henry v. Continental Airlines*, No. H-09-cv-02420, 2010 WL 3604516, at *9-10 (S.D. Tex. Sept. 9, 2010) (recognizing past experience as a legitimate, non-discriminatory reason for hiring other candidate).

Because Felders established at least one legitimate, non-discriminatory reason for McCullom's termination, the burden shifted to McCullom to show that the reason was a pretext for discrimination. *See Outley*, 840 F.3d at 218. To satisfy this burden, McCullom had to provide sufficient evidence to rebut each of Felders' legitimate, non-discriminatory reasons for her termination, including Stokes' superior experience. *Jackson v. Watkins*, 619 F.3d 463, 467 (5th Cir. 2010) ("Accordingly, Jackson cannot withstand summary judgment without providing sufficient evidence to rebut each of Watkins's nondiscriminatory reasons. He has not done so."). However, McCullom has offered no evidence to rebut any of Felder's proffered reasons. Therefore, summary judgment in favor of Felders is proper. *See Outley*, 840 F.3d at 219.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [16] Motion for Summary Judgment filed by Defendant Felders Services, LLC is **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE**. A separate judgment will be entered.

**SO ORDERED AND ADJUDGED** this the 8th day of June, 2017.

_____
Louis Guirola, Jr.
Chief United States District Judge